## J. C. FORT v. F. P. POWELL.

### (Case No. 4069.)

1. HOMESTEAD.— The use of property as a home must co-exist with the intention that it shall be the home to invest it with the homestead character.

2. SAME.— A man owned property for eight years, during which time he remained on it with his family three days. A considerable portion of the eight years he resided on a farm owned by his wife, but claimed that he intended to make the property owned eight years his home, if he did not sell it, and offered it for sale. In a suit between the purchaser under judgment against the owner, and the claimant, *held*, that a verdict and judgment against the claimant, which in effect determined that no homestead right existed, was proper

APPEAL from Ellis. Tried below before the Hon. George N. Aldredge.

F. P. Powell sued appellant in trespass to try title October 26, 1878, to recover the land described in the petition, which is a house and lot in the town of Waxahachie, claiming the same by and through a judgment against appellant in favor of Dur & Co., and an execution issued by virtue thereof, sheriff's sale and deed to appellee.

Appellant claimed the same as his homestead, and that his right thereto was unaffected by such sheriff's sale.

The case was tried without a jury, and a judgment rendered for appellee.

It was claimed that the court erred in holding that the property was not the homestead of appellant.

*Bradshaw, Hawkins & Kemble*, for appellant, cited Shepherd *v.* Cassiday, 20 Tex., 24; Gouhenant *v.* Cockrell, 20 Tex., 96; Thomas *v.* Williams, 50 Tex., 273; Woolfork *v.* Ricketts, 48 Tex., 28.

*Ferris & Rainey*, for appellee.

WATTS, J. COM. APP.— It appears that appellant had owned the property for about eight years at the time it was sold by the sheriff, and during that time he is shown to have been upon the premises with his family about three days only. For a considerable part of that time, it appears that he resided upon the farm belonging to his second wife, but claims that he intended to make the property in controversy his permanent home in the event that he did not sell it. And it appears that, during the time he was residing on the farm with his family, he was offering the property in controversy for sale, and at one time entered into a contract of sale, which failed

because the other party could not raise the money. Taking appel-
lant's own evidence as to his intention with respect to this property,
and it amounts to no more than an indeterminate intention to make
the property his homestead at some time in the future, provided it
suited him to do so. While it is necessary to clothe property with
the homestead character that the owner should intend it as such,
that intention, unaided by some use of the property as a homestead, ·
does not have that effect: the two must concur; the intention and
use are indispensable. In this case the evidence fails to show that
definite, certain and fixed intention to make the property his home-
stead that would be requisite to constitute it such, in the absence of
such occupancy as would at least indicate to the public the home-
stead character of the property. Even if we should give the appel-
lant the benefit of the most liberal construction to which the
evidence is subject, still there is a want of intrinsic force in the evi-
dence to establish such intention and occupancy as would invest the
property with the homestead character. And if appellant had
moved upon the land after the levy was made, and had continued
that occupancy until this suit was instituted, such occupancy would
not have affected the title of the purchaser at the sheriff's sale.
Gage v. Neblett, Texas Law Reporter, vol. 1, p. 436; Gaines v. Nat.
Exchange Bank, Law Reporter, vol. —, pp. 484, 485.

We conclude that the judgment is fully supported by the evi-
dence, and that it ought to be affirmed.

                                                    AFFIRMED.

[Opinion approved April 27, 1883.]