### JOE CHURCHWELL AND WIFE V. E. SWEENEY ET AL.

#### Decided April 23, 1902.

**1.—Homestead—Unimproved Lot—Preparation.**

The mere depositing of dirt upon a lot to fill depressions is not such an act of preparation as would, in connection with intention, give it the homestead character.

**2.—Same—Intention.**

In order to impress an unimproved lot with the homestead character there must, in addition to the intention, be a preparation to improve of such character and extent as to manifest beyond doubt the purpose to complete the improvements and reside upon the place as a home.

Error from Johnson. Tried below before Hon. William Poindexter.

*Cleveland & Haynes,* for plaintiffs in error.

*Henry, Brown & Patterson,* for defendants in error.

JAMES, CHIEF JUSTICE.—This is a suit to enjoin an execution sale of a lot in Cleburne, levied on to satisfy an execution against E. Sweeney. The lot was claimed as homestead. We copy the judge's conclusions, there being no statement of facts.

"I find from the evidence that on the 3d day of April, 1899, the plaintiffs purchased a lot in Allen's addition, the same being a suburb of the city of Cleburne, Texas; that said plaintiffs paid therefor the sum of one hundred and ninety dollars, that the purchase money so paid was the money procured as insurance upon the household goods and kitchen furniture of plaintiffs, which had been destroyed by fire, and the money so obtained was exempt to plaintiff under the exemption law of the State of Texas.

"I further find that the defendant E. Sweeney had obtained a judgment against plaintiff for the sum of seventy dollars, and on the —— day of August, 1900, caused an execution to be levied upon said lot and was seeking to subject the same to forced sale. The writ of injunction was sued out and issued in favor of plaintiff on the 4th day of September, 1900, seeking to restrain the defendant E. Sweeney and the sheriff of Johnson County from selling said property, the plaintiffs claiming that same was their homestead. I find from the evidence that at the time plaintiffs purchased said lot they had no other property or real estate, and were living in a rented house. That at the time of the purchase of said lot by plaintiffs they intended to make same a homestead; that they had the same intention at the time of the levy of the execution upon same and at the time of the trial. That about fifteen days after the purchase of said lot the plaintiff Joe Churchwell hauled about fifteen or twenty wagon loads of dirt and placed same upon said lot for the purpose of leveling the same for a more suitable building place; that thereafter the plaintiff obtained work away from home and did nothing further toward improving said lot. That while said plain-

tiff was away from home at work, his wife and children remained in Cleburne, Texas, making the same their home for a short while, until the health of the wife failing, plaintiff Joe Churchwell removed her to Glen Rose, a health resort. That plaintiff is there at work at the carpenter's trade; that plaintiff is a poor man, having no income except from his daily labor and has never been able to accumulate anything beyond a living for himself and family and to pay for the necessary drugs and medicine for his wife's treatment, and has been unable to pay any more money or make any further preparations for building upon the said lot, and that at the time of the placing of said loads of dirt upon said lot, same was done by plaintiff with a view of building thereon and making it their home. I further find that the plaintiff's wife is an invalid, and that soon after plaintiff purchased said lot their oldest daughter died, and that they were at considerable expense on that account. I further find that plaintiff Joe Churchwell has been at work at manual labor ever since the purchase of said lot, but has been unable to build a house upon said lot, suitable for building purposes.

"Conclusions of Law.—I find as a matter of law that plaintiffs had not made a sufficient preparation corroborating their intention to make the property their homestead, and that although their intentions were honest in that direction, and that they had a sufficient excuse for not making greater preparation, still no such excuse could avail them, as an excuse however good and created by circumstances over which plaintiffs had no control will not take the place of necessary preparation.

"I find that the hauling of fifteen or twenty loads of dirt and filling depressions in a lot with a view of building a house thereon was not sufficient preparation to stamp the homestead rights upon said lot in the absence of any other addition to said lot although plaintiffs were prevented from making said additions by unfortunate circumstances over which they had no control. W. Poindexter, Judge."

The question presented is whether or not the mere depositing of dirt upon a lot to fill depressions is such an act of preparation as would, in connection with intention, give it the homestead character. We are of opinion that it is not of that pronounced a character as is necessary. After thus filled it was nothing more than a vacant unimproved lot as before. There was nothing done upon it or in connection with it calculated to give notice of an intent to appropriate it for homestead use. And this is the only act relied on outside of the formation of intent to make it a home. It seems to us that to declare it homestead would be to allow intention alone to give it this character. In Franklin v. Coffee, 19 Texas, it was said: "There must be a preparation to improve, and this must be of such a character and to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home." The improvement relied on was not of this description.

*Affirmed.*

The judgment is affirmed.