## R. COBB ET AL. v. C. F. COLLINS.

### Decided May 16, 1908.

**Urban Homestead—Evidence.**

A mere intention to make unoccupied property a homestead is insufficient to constitute it such. Some act or acts of preparation to seasonably and actually use and occupy the property for the purpose of a home must concur with such intention. Evidence considered, and held insufficient to impress upon urban property the character of homestead.

Error from the District Court of Wichita County. Tried below before Hon. A. H. Carrigan.

*J. T. Montgomery,* for plaintiffs in error.—The court's findings of fact show that the defendants claimed the land by virtue of a sale under execution issued on a judgment in favor of C. F. Collins v. R. Cobb, and said findings of fact also show that at the time of the levy of said execution and sale that the lot in controversy was the homestead of said R. Cobb and wife and therefore exempt from execution sale, and that therefore the said sale passed no title, and that plaintiffs were therefore entitled to recover. Cameron v. Gebhard, 85 Texas, 612, and the cases therein discussed; Heady v. Bexar Loan Association, 26 S. W., 469; Campbell v. McCambell, 34 S. W., 970; Miles v. Kelley, 40 S. W., 602; West End Town Co. v. Grigg, 54 S. W., 905; King v. Wright, 38 S. W., 530; Trutner v. Edgewood D. Co., 41 S. W., 184.

*Huff, Barwise & Huff,* for defendant in error.

CONNER, CHIEF JUSTICE.—Plaintiffs in error instituted this suit in trespass to try title to recover lot 6, block 208, in Wichita Falls, Texas, and the sole question presented on this appeal from an adverse judgment is whether said lot was their homestead, as insisted, at the time of the execution levy and sale under which defendant in error claims.

The trial court filed the following conclusions of fact:

"First: I find that on the 11th day of April, 1890, Robert Cobb and wife, Virginia Cobb, were husband and wife; that said Robert Cobb was the head of a family consisting of himself and wife and several children, and that at said time the said Robert Cobb was living in rented property and owned a lot in the town of Wichita Falls, Texas, which he acquired for the purpose of making a homestead thereon. Said lot, however, was vacant and unimproved property and had never been improved by said Cobb in any manner, for the reason he did not have the means.

"Second: I find that on the date above named the said Robert Cobb traded the said lot above referred to for the lot in controversy, lot 6,

block 208, and paid the difference in cash; that said lot 6, block 208, was nearer the proposed site for a school building, and that he and his wife wished to get nearer said school building, and that at the time of making the change he intended lot 6, block 208, as a homestead for his family; that said Cobb at the time he purchased the lot in controversy and at no time since has owned any other homestead whatever, and that he and his wife intended, when able, to improve and make their home on said lot.

"Third: I find that a short time after the purchase of said lot that said Cobb and his wife, for the purpose of improving this property as a home, purchased plans and specifications for a home from some Detroit firm and paid therefor the sum of $25. I find that said plaintiffs at the time of said purchase also made an application to one Goodenough, who represented a loan company, to furnish the necessary money to build a house on said lot and that said Goodenough said his company would loan him the money, but that said Goodenough either resigned or was discharged as agent for said company and a new agent appointed, which new agent refused to make him the loan; that the plaintiffs had no means or credit by which they could at that time build said house; but that they intended to build upon said property whenever they could secure the means and have continued ever since.

"Fourth: I find that on the 11th day of April, 1890, at the time of the acquisition of this lot, that the plaintiff was living in rented property owned by the defendant, C. F. Collins, or his wife, and had been so living for about four years prior to that time. I find that said C. F. Collins had requested the plaintiff to vacate his said property, and some time in 1891 had filed suit against the plaintiff, Robert Cobb, for certain arrears and for possession of the property, in the District Court of Wichita County, Texas, and that on the 23d day of November, 1891, C. F. Collins secured a judgment against said Robert Cobb in the District Court of Wichita County, Texas, for the sum of $285 and all costs of suit and for writ of restitution of said property, but that the said writ of restitution was not executed because the said Collins some time in the early part of 1892 sold the said property to other parties.

"Fifth: I find that on the first day of September, 1892, the said C. F. Collins caused execution to be issued on said judgment and to be levied upon the lot in controversy, and that the same was sold by the sheriff under said execution on the 4th day of October, 1892, and was purchased at said execution sale by C. F. Collins and sheriff's deed made to him; that since said execution sale plaintiff gave some person the right to fence said lot and use it and that it was so occupied only for a year or more after said sale. I find that C. F. Collins from that date until this had continuously paid all taxes on said property and that he paid the taxes for 1892, which had been assessed against the said Robert Cobb, and that the said Robert Cobb has paid no taxes except for the year 1903, and perhaps for one other year, but that during most of the time the said Cobb rendered the property every year but did not pay the taxes, and since said sale said Cobb and wife have claimed said property as their homestead, but have not occupied it.

"Sixth: I find that at no time prior to the sheriff's sale did the plaintiff make any improvements upon said property or commence any im-

provements on said property, or did any acts to evince his intention to make it a homestead other than above set out, and never at any time occupied said property for a home or any other purpose, and said lot has always been vacant and unoccupied up to the time of said execution sale."

There is no statement of facts nor exceptions to the court's conclusions of fact, but the contention of plaintiffs in error is that "the conclusions of fact as found by the lower court do not support the judgment rendered in favor of the defendant, but absolutely required as a matter of law that judgment should be rendered thereon in favor of the plaintiffs." With this contention, however, we disagree and approve the legal conclusion of the trial court from the facts found that plaintiffs in error did not discharge the burden of proof resting upon them to show that the lot in controversy was their homestead at the time the right of defendant in error attached.

The requirement of the Constitution is that to constitute an urban homestead the lot or lots claimed as such "shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family." Const., art. 16, sec. 51. It is true that our courts have extended the benefit of this provision to heads of families when in actual preparation to improve, use or occupy lots as a homestead, but we know of no case extending the principle as far as herein claimed. It is well settled that a mere intention to make unoccupied property a homestead is insufficient to so constitute it. Such intent must at the time the question arises concur with act or acts of preparation to seasonably and actually use and occupy the property for the purpose of a home. The acts of preparation relied upon here are inconclusive, ineffectual, and were wholly abandoned long prior to the levy under which defendant in error asserts title. There remained only a bare, contingent intent on the part of plaintiffs in error at some wholly indefinite and uncertain time in the future to use and occupy the lot in question as their homestead. This is wholly insufficient. See Fort v. Powell, 59 Texas, 321; Johnson v. Burton, 39 Texas Civ. App., 249, and authorities therein cited.

We conclude that the court's conclusions of fact and of law should be adopted and the judgment affirmed.

*Affirmed.*

Writ of error refused.