**WACHHOLDER v. PAULL et al.   (No.'2960.)\***

(Court of Civil Appeals of Texas.   Texarkana.
    Nov. 5, 1924.   Rehearing Denied
            Dec. 4, 1924.)

**I. Evidence ☞589—Jury not bound to believe testimony, though not directly contradicted.**

In suit by landlord to cancel or reform lease and subsequent agreement permitting subletting, the jury was not bound to landlord's testimony that he did not read the subsequent agreement, or know that it authorized subletting of the whole building, but had right to consider the circumstances, and to indulge presumption that he knew contents of the instrument.

**2. Appeal and error ☞930(3)—Presumed that trial court found that landlord had not discharged burden to prove that time to make improvements had expired.**

In landlord's action to cancel lease, and subsequent contract authorizing subletting in consideration of making of improvements, burden of proving that time for making improvements had expired was on landlord, and on his appeal it must be presumed that trial court found that landlord had not discharged burden; case having been submitted on special issues.

On Motion for Rehearing.

**3. Sequestration ☞15—Return of property by landlord to sheriff held to satisfy tenant's judgment.**

Where landlord levied on building under writ of sequestration, and obtained possession from sheriff under bond, surrender of building to sheriff *held*, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 7107, 7110, 7111, to satisfy tenant's judgment for value of property to him.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Action by Sig Wachholder against Perry Paull and others.   Judgments for defendants, and plaintiff appeals.   Affirmed.

February 16, 1923, appellant and appellee Paull entered into a contract, whereby the former leased a two-story building he owned in Sulphur Springs to the latter for a period commencing on said day and ending April 30, 1931.   It was stipulated in the writing evidencing the contract that Paull should not sublet the building or any part of it without the written consent of appellant.   On the day appellant leased the building to Paull the latter, with the former's consent, leased a part of the first floor thereof to Maloney Bros. Company, a corporation. March 22, 1923, appellant and Paull entered into another contract, evidenced by a writing which contained (1) a recital that Paull wished to make "certain improvements in and to the building, and especially to the second floor thereof, for the purpose of. subleasing the portions thereof," and was unwilling to do so because of the stipulation above referred to in the contract of February 16; and (2) a provision that, "in consideration of the stipulations and agreements" in said contract of February 16, Paull might "sublease said building or any portion thereof" on conditions specified (which are not material to questions presented on the appeal, and which therefore will not be stated here).   September 29, 1923, Paull leased the building, except the part thereof he had' sublet as stated above' to Maloney Bros. Company, to appellee Dan Mourgas for the unexpired part of the term for which he had leased same from appellant.   Appellant claimed that the agreement of March 22 between him and Paull was that the latter might sublet only rooms he (Paull). was to construct on the second floor of the building, and that Paull violated the agreement' when he sublet the entire building, except the part let to Maloney Bros. Company, to Mourgas. Appellant claimed, further, that the stipulation in the writing of March 22 to the contrary of the agreement, as he asserted it to be, was there as the result of mistake or fraud, and therefore was not binding upon' him.   This suit was brought by him as plaintiff against Paull, Mourgas, and Maloney Bros. Company and Will White and G. C. Holbert, as defendants.   At the time he commenced the suit appellant sued out a writ of sequestration, and had same levied on the building.   He afterward obtained possession from the sheriff by means of a bond, as provided by the statute.   Article 7110, Vernon's Statutes.

Appellant's petition contained several counts, one of which was in the statutory form of an action of trespass to try title, and the others of which were to cancel the leases of February 16 and March 22, or, in the alternative, to so reform the one last mentioned as to make it conform to appellant's contention.   Appellant charged in his petition that he was induced to agree with Paull that the latter might sublet the second floor of the building by representations by Paull that he intended to and would expend not less than $750 in constructing rooms on said floor; that Paull had never constructed the rooms; and that the representation that he would construct them was fraudulently made, in that Paull did not intend to make the improvements.   Appellant charged, further, that Paull misrepresented the agreement between them to Davidson, the attorney who wrote the contract of March 22, and by such misrepresentation induced Davidson to embrace in his draft of the contract the stipulation that he (Paull) might sublease "the building or any part of it."   He charged, further, that if Paull did not misrepresent the terms of the agreement in fact made to Davidson nevertheless "failed to correctly transcribe the same, and so draw the agreement

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as to speak the mutual contract and agreement of the parties." He charged, further, that Paull represented to him that he (Paull) would have the agreement between them correctly reduced to writing, and that he signed the contract as drawn by Davidson without reading same, "relying upon the representations of Paull that same would.be drawn in accordance with their agreement," and "upon being informed and advised before signing the same that it was in accordance with" the agreement he had entered into with Paull. And he charged, further, that his executing the contract as drawn by Davidson under the circumstances stated was the result of a mistake on his part.

The court submitted special issues to the jury and they found facts as follows: (1) That Paull intended at the time he executed the contract of March 22, 1923, to make improvements in the upper story of the building "to the extent of not less than $750," and that he had not abandoned his intention to make the improvements, or have same made, at the time this suit was commenced. (2) That both Paull and appellant at the times they respectively executed the contract of March 22, 1923, knew that it contained the stipulation authorizing Paull to sublease the entire building. (3) That Davidson in presenting the contract he had drawn to appellant for execution acted as attorney for both Paull' and appellant. (4) That at the time Davidson presented the contract to appellant for execution he did not represent to appellant that it "gave Paull the right to sublet the upper story only."

On the findings by the jury stated, and findings the court himself made, he rendered judgment as follows: (1) That appellant take nothing by his suit.against the appellees, and that they respectively recover costs of him. (2) That Paull recover of appellant and the sureties on his replevy bond the sum of $4,087, "the value to him (Paull) of the property in controversy" from February 1, 1924, the date of the judgment, to April 30, 1931, and the sum of $240, the value to him of the revenue*and rent thereof to said February 1, 1924. (3) That appellees Mourgas and White recover of appellant the sum of $150, being the sum he wrongfully collected of them during the suit.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

T. J. Ramey, of Sulphur Springs, and B. F. Crosby and M. B. Harrell, both of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellant insists that the finding of the jury that he knew when he signed the contract of March 22, 1923, that it contained the stipulation that Paull might "sublease the whole of the building," was without testimony to support it. It is true that appellant,.testifying as a witness, said that he did not read the instrument before he signed it, and did not know it contained said stipulation, and it is also true that there was no direct testimony to the contrary. But the jury were, not bound by what appellant said, and, if they disbelieved him, had a right to consider the circumstances of the case in determining the issue, and also to indulge a presumption that he knew the contents of the instrument when he signed it. Railway Co. v. Dwyer, 75 Tex. 572, 12 S. W. 1001, 7 L. R. A. 478, 16 Am. St. Rep. 926; Watson v. Vansickle (Tex. Civ. App.) 114 S. W. 1160; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017; Janes Contracting Co. v. Home Life & Accident Co. (Tex. Civ. App.) 245 S. W. 1004. It is obvious, it seems to us, that if the finding specified was warranted, as we have determined it was, it is conclusive of any right in appellant to complain here, either that he was the victim of a mistake in executing the instrument as he did, or that he was induced to execute it by fraud practiced on him. 1 Black on Rescission and Cancellation, § 52, p. 122.

[2] Appellant insists, further, that the findings of the jury that Paull intended, at the time he signed the instrument, to expend not less than $750 in improving the upper story of the building, and had not abandoned the intention at the time the suit was commenced, were .not warranted by the evidence. But we think the findings not only had support in the testimony, but were demanded by a clear preponderance thereof, and therefore that there is no merit in the contention that it conclusively appeared Paull was guilty of fraud, in that he did not intend to make the improvements to the upper story of the building at the time he promised appellant to make them. And we also think there is no merit in the contention that it appeared from the testimony that Paull was not to have a right to sublet the building until after he had constructed the improvements, nor in the furtherᴵ contention that it appeared, because Paull had not made the improvements, that the consideration for the contract of March 22 had failed. The lease to Paull was for a term of about eight years from February 16, 1923. Nothing was said in said contract of March 22, as reduced to writing, about the contract of the improvements Paull was to make, nor the time within which he was to make them. The most appellant had a right to claim by the terms of that contract was that Paull was bound within a reasonable time from its date to make improvements to the building. If an issue was presented as to whether the time within which Paull was to make the improvements expired before the suit was commenced or not, it must be presumed here that the court found it in Paull's favor, for the burden of proving that it had expired was on appellant, and the court had

a right to say he had not discharged it. There is nothing in the contract of March 22 as written which supports the contention that Paull was not to have a right to sublet the building or any part of it until after he had constructed the improvements contemplated.

Most of the other contentions presented in appellant's brief are, in effect, disposed of by what has been said. We do not think any of those not so disposed of, if sustained, would, in view of the record, require a reveral of the judgment. Therefore it is affirmed.

### On Motion for Rehearing.

[3] It is insisted in the motion, as it was in appellant's brief presenting the appeal, that the judgment was erroneous so far as it was in Paull's favor for $4,087, as the value to him of the property in controversy from the date of the judgment to the date of the expiration of his contract with appellant. We did not think it necessary to determine whether the contention should be sustained when the record was first before us, because we thought it sufficiently appeared that the judgment in that respect had been satisfied by a return of the property seized by the sheriff by virtue of the writ of sequestration sued out by appellant, and the possession of which he (appellant) had obtained by means of a replevy bond delivered to the sheriff. The evidence as to that matter was presented in an affidavit of the sheriff, made April 8, 1924, attached to a motion by appellees to dismiss appellant's appeal on the ground that the judgment appealed from had been satisfied. The material part of that affidavit was as follows:

"On the 2d of November, 1923, the plaintiff, Sig Wachholder, presented to me a replevy bond which was approved by me and said property and possession thereof was turned over to the plaintiff by me; that thereafter, to wit, on the 13th day of March, 1924, and after the trial of said cause in the district court of Hopkins county, the plaintiff, Sig Wachholder, surrendered to me, as sheriff, the control and possession of said building, and paid to me the sum of $140 as the amount of the rental value under the judgment of said court of said property for the period of time beginning with the date of replevy up to the time the property was turned back to me. That on the 13th day of March, 1924, I notified the defendants' attorneys in said suit of the surrender of the possession of the building by the plaintiff, Sig Wachholder, and of the payment to me of the rental value under the judgment in said suit, and on said date delivered possession of the property to the defendants, and paid to the defendants the amount of, money which plaintiff had paid to me in settlement of said judgment, and took the receipt from defendants' attorneys, which receipt is now in my possession."

The motion to dismiss was controverted here; but appellant admitted that the property in controversy had been returned to the sheriff, as stated by the latter. We thought, and now think, that the effect of such return was to satisfy the judgment so far as it was in Paull's favor for the $4,087. Articles 7107, 7110, 7111, Vernon's Statutes. The motion to dismiss the appeal probably would have been granted, instead of being overruled as it was, if we had thought it sufficiently appeared that the judgment had been satisfied so far as it was in Paull's favor for $240, as the amount of rent it was determined he was entitled to recover of appellant for the time appellant had possession of the property under his replevy bond, and so far as it was in favor of the appellees Dan Mourgas and Will White for $150 wrongfully collected of them by appellant.

We have considered other contentions presented in the motion, and do not think any of them show error requiring a disposition of the appeal differing from that made of it.

The motion is overruled.