## BROWN v. LOGAN. (No. 7237.)

Court of Civil Appeals of Texas. Austin.
May 23, 1928.

Rehearing Denied June 13, 1928.

1. **Homestead ⬅57(3)—Evidence held to sustain finding that land constituted plaintiff's homestead before defendant recorded abstract of judgment.**

Evidence *held* sufficient to sustain trial court's finding that plaintiff's land was his homestead at the time defendant filed and recorded his abstract of judgment, and that therefore judgment lien did not attach.

2. **Homestead ⬅32—Actual occupancy is not essential to create homestead, but present intention to occupy in future with acts of preparation is sufficient.**

The intention in good faith to occupy is the prime factor in impressing property with homestead character, and actual occupancy is not essential, but present intention to occupy in future, coupled with acts of preparation looking to its actual occupancy, is sufficient.

3. **Homestead ⬅161, 164—Property once impressed with homestead character remains so, unless another is acquired, or it is abandoned as homestead.**

Property once impressed with homestead character remains so, unless another homestead has been acquired, or unless /it is abandoned as homestead.

4. **Evidence ⬅151(1)—One seeking to impress property with homestead character may give direct testimony as to his intention.**

Since intention is the principal criterion on which homestead claim is based, it is always competent for one seeking to impress property with the homestead character to express by direct testimony what his intention was in that respect.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by I. M. Logan against J. S. Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

O. L. Parish, of Ballinger, for appellant.
Frank C. Dickey, of Ballinger, for appellee.

BLAIR, J. Appellee sued appellant in trespass to try title for the recovery of 197.77 acres of land situated in Runnels county. Tex., and to remove cloud upon title, alleging that he purchased the land in 1917, and made improvements thereon with intention to use and occupy it as a homestead; that appellant, on July 5, 1926, cast a cloud upon the title to said homestead by filing, and causing to be recorded, an abstract of a judgment in his favor against appellee in the judgment records of Runnels county. The prayer was for title and possession of the land and to remove the alleged cloud upon title. Appellant disclaimed any title to the land, but denied its homestead character, and by cross-action sought to foreclose his judgment lien thereon.

On a trial to the court without a jury, the land was declared to be the homestead of appellee, the cloud upon title ordered removed, and appellant was denied a foreclosure of his alleged judgment lien.

[1] The principal question raised here is the sufficiency of the evidence to sustain the finding and conclusion of the trial court that the land in suit was the homestead of appellee at the time appellant filed and recorded his abstract of judgment. We are of the opinion that the following evidence is not only sufficient but amply sustains the trial court's finding on the homstead issue. Appellee, Logan, testified in part as follows:

"I acquired the farm here in Runnels county, Tex., that this suit is based on, in the last week in August, 1916. I traded another farm I had in another county for it, and paid some difference. The farm that I traded is in Atascosa county. I was living on the farm in Atascosa county at the time I traded it; it was my homestead at that time. I did not own any other homestead at that time. * * * I did not move on this farm at the time. As to why I did not move on the farm in Runnels county: It was at the beginning of the drouth in 1917, and I had a lease on a piece of land in Collins county for five years, and I went there to live this lease out, and to try to make money to pay this other out—what I owed on it. That is the reason I did not move on it at this time. At the time I acquired the place here it was partly improved, and since that time I have put in more land. There was some in cultivation at the time I got it; and I built more fence, and built a new house on it, and drilled two wells, and made an addition to the barn. I did not have any other homestead aside from this—I have never designated any other place as my homestead. It was my intention to make this place here my home; that has been my intention all the way through. My object in making improvements on it was to make it my home. * * * It was my intention, at the time I acquired this

Runnels county property, to make it my home. Those improvements I have testified about were made with a view to making it my home. I have never changed that intention. I am a married man, and was married at the time I acquired this property. I have three children of my own, and one grandchild I am trying to raise, and my wife."

Appellee's wife, Mrs. I. M. Logan, testified in part as follows:

"I certainly am familiar with the farm that me and my husband have here in this county. Me and my husband bought this piece of property with the intention of having it for our home when we got able to move to it; we thought we could rent land and pay for it easier and quicker than to come over to live, because we didn't have very much in cultivation, and it was dry territory down there; and we intended to go there some day and make it our home. As to the improvements that have been made upon this place during the time we have owned it: Well, we built a new house—tore down the old one and built more to it—and dug two wells, and cleared some land, and put some more to the barn. We have a four-room house on it, a good one, with two porches; it was planned for a home—a nice, new house, and painted. I have never heard my husband make any statement with reference to having a homestead any place else. He has never provided any other home for me, and we always considered this to be our home, and we intended to move on it some time, when we got it near enough paid out."

Both appellee and his wife went upon the land in suit each year after they purchased it, and personally helped and supervised the making of improvements thereon, and directed the cultivation of particular crops thereon. Each tenant testified that appellee told him he was making the improvements with the view of occupying and using the land as his homestead, and that he wanted most of the land planted in feed crops rather than cotton, so as not to wear it out and impair its future usefulness as his homestead.

[2, 3] The evidence above detailed unquestionably impressed the lands in suit with the homestead character long prior to the date appellant filed his abstract of judgment, and therefore the judgment lien did not attach. It has been held since the earliest decisions in this state that "intention in good faith to occupy is the prime factor" in impressing property with the homestead character. Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832. It is also well settled that actual occupancy of property is not essential, but that present intention to occupy in the future, coupled with acts of preparation looking to its actual occupancy, is sufficient to impress the property with the homestead character. And it is also well

settled that property, where once impressed with the homestead character, remains so, unless another has been acquired, or unless abandoned as a homestead. Teller v. Fitch (Tex. Civ. App.) 281 S. W. 893; Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832; Harkrider-Keith-Cooke v. Smith (Tex. Civ. App.) 284 S. W. 613; Atkinson v. Jackson Bros. (Tex. Civ. App.) 259 S. W. 287; Id. (Tex. Com. App.) 270 S. W. 848, 38 A. L. R. 1377.

[4] Appellant's several propositions relative to permitting appellee, Logan, to testify that it was his "intention to make the 197.77 acres of land in Runnels county a homestead" are overruled. Since intention is the principal criterion or test upon which a homestead claim is based, it is always competent for one seeking to impress property with the homestead character to express by direct testimony what his intention was in that respect.

We find no error in the trial court's judgment, and it is affirmed in all things.

Affirmed.