## KRUEGER v. BANKERS LLOYDS.

### No. 7656.

Court of Civil Appeals of Texas. Austin.
Nov. 18, 1931.

Rehearing Denied Dec. 9, 1931.

Barnes & Pierson and Harris & Harris, all of Austin, for appellant.

Hart, Patterson & Hart, and Woodward & Gay, all of Austin, for appellee.

BLAIR, J.

Appellant sued appellee in the nature of an appeal from an award of the Industrial Accident Board for personal injuries alleged to have been sustained in the course of his employment by Ed. Mallett, a building contractor whom appellee had insured under the Workmen's Compensation Act.

In answer to special issue No. 1, the jury found that appellant did not "sustain personal injuries" as alleged, and upon this finding judgment was rendered for appellee; hence this appeal.

The sole contention of appellant is that the jury's finding is so against the great weight and preponderance of the evidence as to require a reversal of the case. We do not sustain the contention.

There is no complaint that any action of the trial court caused the finding of the jury; nor that the jury were biased in any manner other than that it answered the issue submitted against the great weight and preponderance of the evidence. It seems to be appellant's contention that, since he testified that while he was alone in a room of the house he was helping to build, he fell astride a 2x12 joist and injured his great or sciatic nerve, with resultant injuries to his leg and groin, and, since there was no contradictory evidence that he was not so injured, the jury was not authorized to disregard his evidence. It is true that appellee had no eye-witness to the alleged injury and was unable to produce testimony contradicting the statement of appellant that he fell astride a 2x12 joist; but appellee did produce evidence of facts and circumstances which contradicted the occurrence of the accident as alleged as well as the injuries alleged, and which at least cast doubt as to both the accident and injuries alleged. The following and many other authorities hold that the testimony of a party to a suit need not be accepted as establishing facts stated by him, though there be no contradictory evidence, and that especially is this the rule where his testimony is inconsistent and conflicting and where any circumstance of doubt is cast upon it: Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Carwile v. Roberts (Tex. Civ. App.) 11 S.W.(2d) 549; Brannan v. First State Bank (Tex. Civ. App.) 211 S. W. 945; Head v. Scurr (Tex. Civ. App.) 8 S.W.(2d) 819; Wachholder v. Paull (Tex. Civ. App.) 267 S. W. 325; Texas & P. Ry. Co. v.

364

King (Tex. Civ. App.) 18 S.W.(2d) 757; Keton v. Silbert (Tex. Civ. App.) 250 S. W. 316.

 Appellant testified that he was injured·between 9 and 10 o'clock on Saturday, and, because the injury pained him he was compelled to go home about 11 o'clock; that he told Ed. Mallett, his employer, he had been injured when Mallett came on the job about 11 o'clock; and that he told one Mitchell, with whom he had been working in another room, of his injury. Mitchell testified that appellant told him of his injury, and that he stood near or laid in a window for some time, but that appellant did not go home until he received his week's pay at 12 o'clock, and that no employee ever worked Saturday afternoons on the job. Mallett testified that, when· he returned about '11 o'clock with the pay roll, appellant made no complaint of having been injured; that he paid him at 12 o'clock along with the other employees, when appellant said he was sick and thought he was taking the flu; that appellant did the same hard work he had been doing on the following Monday, Tuesday, Wednesday, and Thursday; but that on Friday he called witness to his home and told him for the first time that he had been injured and how the injury occurred, which conflicted materially with the manner appellant testified on the trial that it occurred. Appellant had been paid compensation for another injury shortly before·this one occurred. A physician testified that an injury of the seriousness appellant claimed his to be would "manifest itself right away after the fall." Notwithstanding this fact, appellant continued his work and did not consult a physician for six days after his injury. Physicians who examined appellant several months after his injury testified that there was no evidence of an injury of the magnitude appellant claimed his to be, and that, if he had ever suffered such an injury, there was no evidence of it. The physician appellant first employed testified that there was no evidence of an injury of the magnitude appellant claimed his to be, but that he could feel a rigidity of the muscles when appellant first came to him, and that in the groin there was a tenderness. Appellant claimed that this physician treated him on other occasions for his injury, while the physician testified that he treated him for indigestion and heart trouble. Appellant did not work for about fourteen days after he was examined by this first physician, but then returned and told his employer that the doctor told him he could do light work, and he did do light work for a few days, and then continued with his hard work as regularly as the weather and employment would permit, until the filing of this suit. This evidence is sufficient to authorize the jury to reject appellant's testimony, in that his testimony was inconsistent and conflicting with other evidence, and the facts and circumstances detailed cast doubt upon appellant's testimony, both as to the occurrence of the injury, and the nature and extent of it. In fact, the evidence was conflicting upon both the issue of how the injury occurred and the issue of whether there was any injury as alleged; and, under the rule stated in the above authorities, a verdict or finding of a jury upon conflicting evidence will not be disturbed by an appellate court because of a mere preponderance of the evidence against it, but will be set aside only when it is against the great weight and preponderance of the evidence, or clearly shows that the jury were mistaken, or were influenced by prejudice, passion, or improper motive. No such is shown in this case, and the judgment of the trial court will be affirmed.

Affirmed.