## GUARANTY BOND STATE BANK v. BANKS et ux.

### No. 4279.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1932.

J. A. Ward, of Mt. Pleasant, for appellant.

Seb F. Caldwell, of Mt. Pleasant, for appellees.

BLALOCK, Chief Justice.

On November 10, 1931, in the district court of Titus county, appellant filed this suit against appellees on a vendor's lien note, asking for judgment on the note and a foreclosure of the vendor's lien on a 7-acre tract of land. At the same time it made its affidavit and bond for writ of attachment which was levied upon the land here in controversy, an 8¼-acre tract near Mt. Pleasant, outside the corporate limits. Appellees did not contest judgment on the note and foreclosure of the vendor's lien, but resisted the writ of attachment on the 8-acre tract, and claimed a homestead exemption on it. The case was tried without a jury, and judgment was entered for appellant for the amount of the note sued upon, with interest and attorney's fees, and foreclosing the vendor's lien on the 7-acre tract, but refusing to foreclose the attachment lien on the 8-acre tract.

The principal question raised on this appeal is the sufficiency of the evidence to sustain the finding and conclusion of the trial court that the 8-acre tract was so impressed with the homestead character, on the date the suit was filed, as to exempt it from writ of attachment for debt.

Appellees bought and paid for the land in January, 1928. It was bought from S. W. Weber and wife, and lay near their home. Mrs. Weber was the sister of Mrs. Banks, and the location was chosen in order that Mrs. Banks might some day have a home near her sister. In the fall of 1928, appellee dug a little pool or pond toward the rear of the tract, cleared a part of the timber away, constructed a fence so as to partially inclose the tract, planted two or three dozen berry and grape plants, and set out about fifteen silver maple trees on the front part near the road upon which the tract faced, at a total cost of about $150. Three years later, when this suit was filed, some of the shade trees had died; but the record does not show whether the pool was still there, or whether appellees ever went back to cultivate the berry and grape plants, nor whether they still live. No house of any kind is on the tract, nor had any preparation been made to build any kind of house, though Mr. Banks testified that he spoke to "somebody" about building a house there, but "thought it better to let the land lay like it was than to go and put a house on it for somebody." Appellees also thought they probably would already have built a residence had it not been for the expenses incident to the sickness of Mrs. Banks and the education of the daughter.

Appellee Banks was employed as agent or superintendent for an insurance company under a contract which required him to live and work at such places as the company directed. In 1922 he was living in Bonham, Tex. Under orders of his company he removed with his family in September, 1928, to Little Rock, Ark., where he lived until September, 1931, at which time he went to Longview, Tex., and he now lives at Gilmer, Texas. At each of said places he rented a place in which to live. At no time has he lived at Mt. Pleasant or in Titus county.

Appellees had no definite idea as to when they might build and occupy the property. Mr.

Banks testified: "Well, my intentions were to come and occupy it when I wasn't drawing a handsome salary from the company." He also stated that he had spoken to the company about transferring him to Mt. Pleasant and, "I might come here later," but that he intended to remain with the company as long as that should be the most profitable occupation that he could get. Under his contract of employment, the company could transfer him from place to place at will; but the contract was subject to termination by either party at will. He did not intend to move on the place as long as his connection with the insurance company was profitable unless he was, perchance, stationed at Mt. Pleasant. Appellee owned no other realty.

■ To impress the homestead character upon unoccupied property, there must be a present bona fide intention to dedicate it to homestead uses, coupled with acts of preparation for occupancy within a reasonable time, and those acts must be of such nature as to give notice of such intention. Franklin v. Coffee, 18 Tex. 413, 70 Am. Dec. 292; Fort v. Powell, 59 Tex. 321; Espinoza v. Cocke (Tex. Com. App.) 276 S. W. 1095; Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832; Speer's Marital Rights, p. 554; Brown v. Logan (Tex. Civ. App.) 7 S.W.(2d) 189; Churchwell v. Sweeney, 29 Tex. Civ. App. 166, 68 S. W. 185.

■ Unquestionably appellees bought the property for homestead purposes, but after careful examination of the statement of facts we cannot find any evidence indicating that they intend or expect to occupy it at an early date, or within a reasonable time, or at any definite time. Each of the appellees states that they expect to stay with the insurance company as long as the employment is satisfactory, as long as he draws a "handsome salary," as long as the employment is profitable, regardless of places to which he may be sent by his employer. Such a fixation of time for occupancy is too indefinite. Regardless of the intentions of the appellees when the tract was bought, and regardless of the causes which interrupted the preparations begun in the autumn of 1928, we think it clear that three years later when this cause was begun, a notion had been born that they might occupy it at some indefinite and distant time in the future, which depended upon the possible happening of an indefinite event. Our law is lenient and reasonable with the citizen who desires to establish a homestead for himself and family. A cabin of logs or a shelter of the plainest timbers dedicated to homestead uses will suffice to meet the requirements for protection under this law, but in turn the citizen must be reasonable with the law; he cannot expect the protection of homestead exemption when he himself has no

definite idea as to when he will carry his family to the haven for which he pleads exemption. Johnson v. Burton, 39 Tex. Civ. App. 249, 87 S. W. 181; Cobb v. Collins, 51 Tex. Civ. App. 63, 111 S. W. 760.

This case does not come within that class of cases in which occupancy hinges upon the time required to pay for the property, as in Brown v. Logan, supra, nor the time required to lift a lien as in the Espinoza Case, nor are appellees in the act of building a home for early occupancy as in Cameron v. Gebhard. These eight acres were fully paid for and clear of liens. Appellees were not temporarily away. They had never lived upon, or near, this land, and whether they would ever move to it depended upon a contingency which may never materialize.

We are of the opinion that the trial court erred in holding that the land in question was impressed with the homestead character. It is therefore ordered that the judgment of the trial court be reformed to declare a foreclosure of the attachment lien on the 8¼ acres of land. In all other respects the judgment is affirmed. Costs are adjudged against appellees.