### TOM BELL, SHERIFF, ET AL. v. J. A. GREATHOUSE.

Decided February 1, 1899.

**1. Homestead—Designation—Preparations for Occupying.**

Purchase of a lot, completing a fence, constructing a sidewalk, and setting out shade trees, with the intention of building and occupying it as a home, constitute sufficient preparation for occupancy to establish a homestead right.

**2. Homestead—Abandonment.**

Removal with intention to return did not subject the homestead to sale under attachment levied while such intention to return existed; but if that intention was subsequently abandoned the property became subject to sale under execution issued after such abandonment.

**3. Same—Burden of Proof.**

The burden was upon one asserting the homestead exemption to show the existence of the intention on his part which would establish such exemption.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*Robert T. Jones,* for appellant.

*Vaughan & Sullenberger,* for appellee.

FISHER, CHIEF JUSTICE.—On the 26th day of August, 1897, the appellant, the Taylor Paint and Oil Company, filed its suit in the County Court of Hill County, Texas, against J. A. Greathouse & Co., a firm at said date composed of appellee and one J. F. Pate, said suit being No. 1665 on the docket of said court. Appellant's cause of action in said cause No. 1665 was based upon two promissory notes executed by said J. A. Greathouse & Co. to appellant. At the date of the filing of said suit No. 1665, the plaintiff therein, who is appellant in this suit, caused to be issued a writ of attachment directed against the property of J. A. Greathouse, the appellee herein, which writ of attachment was on the 26th day of August, 1897, executed by the sheriff of Hill County Texas, by levying upon the property in controversy in this suit, belonging to the appellee,

J. A. Greathouse.   On the 16th day of November, 1897, the appellant re-
covered judgment against the defendants J. A. Greathouse & Co. for the
sum of $298.41, with interest thereon at the rate of 6 per cent per annum
from said date and all costs in said cause incurred.   The issuance and levy
of said attachment being duly noted in said judgment, the plaintiff in
said cause No. 1665, and who is the appellant herein, on the 16th day
of December, 1897, caused to be issued on said judgment rendered in
said cause No. 1665 an execution, which was by the sheriff of Hill County,
Texas, levied upon the land in controversy in this suit.   On the 5th day
of January, 1898, Tom Bell, sheriff of Hill County, Texas, advertised
said property to be sold on the 1st day of February, 1898, under and by
virtue of said execution.   On the 27th day of January, 1898, J. A. Great-
house, the appellee herein, filed his petition in the District Court of Hill
County, Texas, praying for an injunction restraining the said Tom
Bell, sheriff of Hill County, Texas, from selling said lot of land as adver-
tised, in satisfaction of the judgment which had been rendered in favor
of this appellant in cause No. 1665 in the County Court of Hill County,
Texas, against the said J. A. Greathouse & Co., the said appellee in
said petition claiming the land in controversy in this suit was his home-
stead, and, as such, was exempt from sale under execution for the satis-
faction of the judgment obtained against said J. A. Greathouse & Co. in
cause No. 1665 in favor of this appellant; which said petition was, on the
28th day of January, 1898, temporarily granted by the Hon. J. M. Hall,
judge of the Eighteenth Judicial District of Texas, at chambers, until
further orders of said court.   That on the 26th day of February, 1898,
the appellant filed its original answer, containing a general demurrer,
general denial, and specially answered setting out the facts, first, that
appellee, plaintiff in the court below, had owned said lot for about three
years prior to the time the same was levied upon by attachment in said
cause No. 1665 in the County Court, and during the time that appellee
had owned the same he had never occupied the same as a homestead, nor
had he by any act of preparation shown a bona fide intention to dedicate
said property as a homestead, and had never put any improvements on
same since he owned it; second, that about one year prior to the levying
of the attachment, issued out of the said cause No. 1665 on said lot,
appellee, who was plaintiff in the court below, had left the city of Hills-
boro, where said lot was situated, with the intention of permanently
abandoning same as his place of residence; that plaintiff, who is the ap-
pellee herein, advertised said lot for sale and was trying to sell the same
at the date of the levies of said writs of attachment and execution thereon
in said cause No. 1665.   Upon which said pleadings this cause was, on the
7th day of March, 1898, tried without a jury before the court, which said
trial resulted in the court's rendering judgment in favor of the plaintiff."
There is no statement of facts in the record, but the following are the
facts as found by the trial court:

"The court finds that on the 28th day of August, 1897, the defendant
the Taylor Paint and Oil Company filed its suit in the County Court of

Hill County, Texas, against J. A. Greathouse & Co., a firm at said date composed of plaintiff herein and one J. F. Pate, said suit being No. 1665 on the docket of said court. The plaintiff's cause of action in said suit No. 1665 was based upon two certain promissory notes, executed by said J. A. Greathouse & Co. to said Taylor Paint and Oil Company. That at the date of the filing of said suit No. 1665 the plaintiff therein caused to be issued a writ of attachment directed against the property of J. A. Greathouse, the plaintiff in this suit, which writ of attachment was, on the 28th day of August, 1897, executed by the defendant Tom Bell, sheriff of Hill County, Texas, by levying upon, as the property of said J. A. Greathouse, the following described real property situated in Hill County, Texas, to wit: situated in Hillsboro, Hill County, Texas, a part of the J. A. Hanley survey, being a part of Lot No. 18 of the Parks addition to the city of Hillsboro, and being the property more fully described in plaintiff's petition. That on the 16th day of November, 1897, the plaintiff in said cause No. 1665 recovered a judgment against the defendant, the said J. A. Greathouse & Co., for the sum of $298.41, with interest thereon at the rate of 6 per cent per annum from said date, and all costs in said cause incurred, the issuance and levy of said writ of attachment being duly noted in said judgment. That on the 16th day of December, 1897, plaintiff in said cause No. 1665 caused to be issued on said judgment rendered thereon, an execution, which was, by the defendant Tom Bell, sheriff of Hill County, Texas, levied upon the above described real estate as the property of J. A. Greathouse, plaintiff herein. That on the 5th day of January, 1898, the defendant Tom Bell, sheriff, etc., advertised the above described property to be sold on the 1st day of February, 1898, under and by virtue of the above execution.

"That long prior to all of the proceedings above mentioned, plaintiff was, and is now, a citizen of the State of Texas, and the head of a family, his said family consisting of his wife and two children. That prior to the creation of the debt to the Taylor Paint and Oil Company and the institution of said suit therein plaintiff purchased the above described real estate, consisting of a lot located in Hillsboro, Hill County, Texas. That plaintiff purchased said lot on the 13th day of April, 1894, for the sole purpose and with the intention of improving and using said lot as his homestead for himself and his family. That at the time plaintiff purchased the said lot he was a resident of Hill County, Texas; that he did not then own any other piece of real estate in the State of Texas or elsewhere; that he does not now own nor has he owned at any time since the purchase of said lot any other piece of real estate in the State of Texas, or elsewhere.

"Plaintiff purchased the lot a few months before he married, but was engaged to be married at the time he made the said purchase, and purchased said lot in view of matrimony. That at the time the lot was purchased by J. A. Greathouse it was improved as follows: was partly fenced. That after the purchase of the lot by Greathouse he made the following improvements for the purpose of preparing to use it as a home-

stead, viz: finished the fence around it by building a partition fence; planted shade trees, and built a sidewalk in front of it. That plaintiff intended to build a house on the lot in which to live with his family, but failed to do so, because he did not have the means with which to build, and could not secure the same, because he had not yet paid out his lot in full and could not borrow money from a building and loan company on the lot until it was fully paid out. That plaintiff herein finished paying for the lot shortly after the same had been attached in said cause No. 1665, to wit, on September 18, 1897. That plaintiff was a resident of Hill County, Texas, from about January 15, 1894, up to about February 3, 1897, on which last date plaintiff, on account of the ill health of his wife, was compelled to leave Hill County with his family, and went to Travis County, Texas, where he now resides with his family. That at the time plaintiff left Hill County he intended to return, but decided not to do so afterwards, on account of the fact that his wife's health did not improve sufficiently to return to Hill County, and plaintiff, finding work to do in Austin, Travis County, where he had moved, decided to remain there, as there was nothing doing in Hillsboro at that time. That plaintiff, after he decided to remain in Austin, offered said lot for sale for the purpose and with the intention of reinvesting the proceeds thereof on a lot located in Travis County, Texas, which he had agreed to buy for a homestead, provided he could make a sale of the lot herein described."

*Opinion.*—We are of the opinion that the appellee, by reason of the fact that he purchased the lot in question with the intention of making it his homestead, together with the acts of preparation looking to that end, established a homestead right in the property in question (Cameron v. Gebhard, 85 Texas, 615); and unless he has lost his right by abandonment, the property will be protected from forced sale.

The trial court found as a fact that the appellee, with his family, removed from Hillsboro to the city of Austin with the intention ultimately of returning to Hillsboro and occupying the property in question as his homestead; but that after residing a time in Austin he permanently abandoned the idea and intention of returning to Hillsboro and making his home there. And if such was the case the property in question would be subject to forced sale, if the levy of the writs of attachment and execution had been made after the appellee formed the intention of permanently abandoning the property as his homestead.

The findings of fact state the time at which the writs of attachment and execution were levied upon the property, but do not state the time when the appellee finally determined and formed the intention of not returning to Hillsboro. If this intention was formed prior to the levy of either of these writs the property would be subject thereto. But, on the other had, if formed after the levy of the writs, the property would not be subject to sale thereunder, but might be subjected to other process that could be issued by virtue of the judgment after such intention was formed.

Vol. XX. Civil—31

The burden was upon the appellee to establish his homestead right to the property in question, and its existence depending in this case to a great extent upon his intention to occupy the property as a home, the burden was upon him to establish the existence of that intention at the time the appellants sought to subject the property to sale under the writs levied upon it.

The facts show that at one time the intention existed to occupy the lots as a home; and, as before stated, also show that this intention has been permanently abandoned. Now the evidences of right in the appellee depending almost entirely upon the question of intention, and as in the nature of things evidence of that fact can be best furnished by him, he rests under the burden of establishing the existence or continuation of such intention at the time when the property is sought to be subjected to demands against him.    There is nothing in the facts as stated that shows that such intention existed when the writs of attachment and execution were levied upon the property in question.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*