LILLY v. LEWIS et ux. (No. 6911.)*

(Court of Civil Appeals of Texas. San Antonio. March 15, 1923. Rehearing Denied April 11, 1923.)

1. **Homestead** ⊜⟹115(2)—**Deed of homestead to secure debt void.**

A deed of a homestead to secure a debt, being in effect a mortgage, is void.

2. **Homestead** ⊜⟹31—**Intent to complete improvements and reside on premises sufficient, though no dwelling constructed "homestead."**

To constitute land a homestead, it is not always essential that a dwelling be actually constructed thereon; it being sufficient if the owner's preparations are such and have proceeded so far as to manifest beyond doubt his intent to complete improvements begun by him to reside on the place as a homestead.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Homestead.]

3. **Homestead** ⊜⟹57(3)—**Evidence held sufficient to support finding that mortgagors cultivating and improving land intended to reside thereon as homestead.**

Evidence *held* sufficient to support a finding, in a mortgage foreclosure suit, that defendants, while dwelling on an adjoining tract, had so cultivated and improved the mortgaged property as to manifest a present and sustained intention of further improving it and residing thereon as a homestead.

4. **Mortgages** ⊜⟹32(6)—**Whether instrument is absolute conveyance or mortgage depends on circumstances preceding and attending execution.**

In determining whether an instrument is an absolute conveyance or mortgage, when no defeasance is expressly agreed on, equity looks to all the circumstances preceding and including its execution, and sometimes to those subsequently occurring, irrespective of the parties' declarations and apparent agreement.

5. **Mortgages** ⊜⟹38(1)—**Findings that instrument was mortgage, not deed absolute, sustained.**

Evidence that land was conveyed with an express understanding that, when an amount borrowed from grantee was repaid with interest, he would reconvey, that the land was worth much more than such amount, and that grantor remained in possession, paid no rents to grantee, who demanded none, continued to cultivate and improve the land, and exercised every prerogative of ownership except that of paying taxes, *held* sufficient to sustain findings that the transactions amounted to a mortgage, and not a deed absolute.

Error from District Court, Medina County; R. H. Burney, Judge.

Action by W. S. Lilly against Esker M. Lewis, in which defendant's wife intervened. From a judgment for intervener and for defendant in part, plaintiff brings error. Affirmed.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 23, 1923.

Briscoe & Morris, of Devine, and Hertzberg, Kercheville & Thomson, of San Antonio, for plaintiff in error.

De Montel & Fly, of Hondo, for defendants in error.

SMITH, J. In 1918 Esker M. Lewis and wife, defendants in error, hereinafter designated as defendants, purchased a tract of 61 acres of land near Devine, in Medina county, and on March 19, 1919, conveyed it by general warranty deed to W. S. Lilly, plaintiff in error, and hereinafter designated as plaintiff, for a recited consideration of $3,800 cash. On February 25, 1921, Lilly reconveyed the land to Esker M. Lewis for a recited consideration of $4,653, payable in two notes, one for $400, and the other for $4,253, to secure which the vendor's lien was retained. Upon Lewis' default in the payment of the note first due, Lilly brought this suit against Lewis on both notes, and for foreclosure. The wife of defendant Lewis intervened in the suit, setting up that the land in controversy was her rural homestead, and had been all the while; that the conveyance thereof to Lilly by her husband and herself was given to secure a debt, and was therefore intended as a mortgage, and not a deed, and that the notes sued on were given in evasion of the homestead laws. Lewis answered, adopting the pleadings of his wife. The cause was submitted to the jury upon a single special issue, in response to which they found that at the time the Lewises executed the conveyance to Lilly it was "intended by all the parties at the time that such deed should operate as security for a debt." · Neither party objected to the form or substance of the court's charge, or of the special issue submitted, no other special issues were requested, and no complaint is made here of these matters, nor is the finding of the jury on the lone special issue challenged here. The court, in rendering judgment, affirmatively found that the land constituted the homestead of the defendants, decreed that the conveyance from the Lewises to Lilly and the lien to secure the payment of the notes sued on be set aside, that the Lewises have title to the land free of all liens and incumbrances, but that Lilly have personal judgment against Esker M. Lewis for the amount of the notes sued on, together with the attorney's fees provided for therein.

[1] There was sufficient testimony introduced to support the finding of the jury that the Lewis to Lilly deed was intended as security for a debt, as well as the finding of the court that the land constituted the homestead of the defendants, and, this being true, it is obvious that but little else remains in the case. The property being their homestead, the defendants could not under the law alienate it by executing a mortgage thereon, and, the conveyance in question being in effect a mortgage, it was accordingly void and did not operate in any degree to divest title out of the owners, or vest it in the mortgagee.

[2, 3] In his first proposition plaintiff contends that the property did not constitute defendant's homestead "in view of the fact that defendants had made no preparations to occupy said property and had no means of improving it so it could be occupied and actually lived upon." We think the evidence warranted the court's finding for defendants on this issue. While it is true that, primarily, there must be a home residence before the land adjoining can be claimed as a homestead, yet it is not essential in all cases that such dwelling be actually constructed before the exemption arises. It is sufficient if the owner intends to improve and occupy the premises as a homestead, and that the preparations for such purpose are of such character, and have proceeded to such extent, as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home. Franklin v. Coffee, 18 Tex. 413. In this case defendants had purchased the premises during the years previous to the challenged conveyance, placed substantial improvements upon it, and, while actually dwelling on an adjoining tract, cultivated the land and had a present and sustained intention of further improving it and residing thereon as a home, although they had been financially unable to complete these improvements. The evidence raised the issue, and we are without authority to disturb the court's finding thereon.

[4] The remaining propositions of law urged by plaintiff relate to the effect to be given the conveyance in controversy, which plaintiff contends did not have the effect of a mortgage, but amounted to a deed absolute.

"In determining whether an instrument is to be construed as an absolute conveyance or a mortgage when there is no defeasance expressly agreed upon, equity looks to all the circumstances preceding and attending the execution of the instrument, and sometimes to those which have subsequently occurred. Ruffier v. Womack, 30 Tex. 344; Colwell v. Woods, 3 Watts, 194. From these the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it." Loving v. Milliken, 59 Tex. 423.

[5] Here there was evidence to show that Lewis owed Lilly a large account, and that he needed money with which to pay off that account and for other purposes; that Lewis went to Lilly for the purpose of borrowing the sum needed; that after negotiations Lilly credited Lewis with the amount of the latter's account, and advanced the balance of the sum needed, and took Lewis' deed to the property, with an express understanding that when the amount was repaid, with interest, he would reconvey; that the land was worth much more than the consideration passing

in this transaction; that Lewis remained in possession, paid no rents to Lilly, nor agreed to do so, and none were demanded; that Lewis continued to cultivate the land as before, placed valuable improvements thereon, and exercised every prerogative of ownership, except that he did not pay taxes thereon. We think the facts fully sustained the findings that the transactions amounted to a mortgage, and not a deed absolute. Loving v. Milliken, supra. These conclusions require that plaintiff's second, third, fourth, fifth, and sixth propositions of law, and the assignments of error on which they are based, be overruled.

The judgment is affirmed.