## WALLINGFORD v. BOWEN et al.
### No. 4735.

Court of Civil Appeals of Texas. Amarillo.
April 5, 1937.

Sewell & Sewell, of Follett, for appellant.

John Payne, of Perryton, and E. C. Gray, of Higgins, for appellees.

STOKES, Justice.

This suit was originally instituted in the district court of Lipscomb county by Follett National Bank upon a promissory note and to foreclose a lien upon 200 acres of land, being a part of section No. 1066 in Block No. 43, located in that county. The appellant, Sam P. Wallingford, was made a party defendant on the ground that he was asserting some kind of a claim to the land or a lien thereon, and he answered by setting up an abstract of judgment lien, issued and properly filed and indexed, upon a judgment which he held against the appellee, Hazel Bowen, in the sum of $1,900, with interest and costs of suit, and praying for foreclosure. Before the trial, a settlement was made with the bank, the cause dismissed as to its claim, and the trial proceeded upon the issues made between appellant, Wallingford, and appellee Hazel Bowen. Walter Bowen, husband of Hazel Bowen, was made a party pro forma, and the children of Hazel Bowen by a former marriage to Will T. Haines, now deceased, were made parties to the suit, but, as the controversy involves only the community half interest of Hazel Bowen in the land, it will not be necessary further to notice them.

Appellees, Hazel Bowen and her husband, Walter Bowen, answered by setting up a homestead claim in the 200 acres, alleging that it was community property of appellee Hazel Bowen, and her former husband, Will T. Haines, and, after his death, had been set apart as the homestead of Hazel Bowen and her children by the probate court of Lipscomb county. They alleged that it had been used and occupied by them as a homestead and that they had never permanently abandoned it as such.

This plea was controverted by appellant and the allegation further made by him that, if the land had ever constituted the homestead of appellee Hazel Bowen, it had long since been abandoned as such, and this is the only issue presented for determination in this appeal.

The 200-acre tract was a portion of a larger tract of land that had been acquired by appellee Hazel Bowen, and her former husband, Will T. Haines, who died some time prior to 1922, and was occupied by them and their family as a homestead until his death. After the death of her husband, the probate court, in 1922, set apart this 200 acres as the homestead of the surviving wife and children and they continued to occupy it until some time in 1929. During this time she married a man by the name of Moseley who resided with the family on the land during the time he lived with appellee. Prior to 1929 appellee and Moseley separated, and she, in order to avail the children of a better school and better to provide a living for the family, moved to Perryton in Ochiltree county, where she ran a restaurant and took in boarders. During the time she ran a boarding house, she rented and lived in the house of appellee Walter Bowen, who also lived there with his small son. In 1933, in the district court of Lipscomb county, she procured a divorce from Moseley, and in 1934 she married appellee Bowen, after which she and her children continued to live at Perryton, in Ochiltree county, in the house with Bowen and his twelve-year old son by a former marriage, and they were still living there when the suit was tried. Bowen had owned the Perryton property since about 1931, and he and his small son had occupied it continuously from that time. Before his marriage to appellee Hazel Bowen, he had farmed the 200-acre tract as a tenant for two years, but did not live on the land, and his testimony was that his property at Perryton was incumbered and he figured he could lose it and, if he should, he would be very much interested in moving back to the farm. Appellees had sold the house and outbuildings that were located on the farm and had pulled out the casing in the well. No attempt had been made to replace these improvements and no public declaration had been made nor act of any kind performed which signified their intention or purpose to move to the land at any time in the future nor was anything shown by the evidence to have been done by them or either of them which would indicate they ever had such intention save only their testimony to a secret purpose to do so at some time in the future when they became financially able to build a house and otherwise equip themselves for the operation of a farm. The husband, Walter Bowen, was employed as mechanic by a hardware and implement firm at Perryton and all his life, except for a short time during his youth and the two years he operated this farm for Mrs. Moseley, who afterwards became his wife, he had worked as a mechanic.

The trial court found that appellees had not abandoned their homestead in the

land and that they were entitled to the right, title, and possession of it as such, and rendered judgment for them against the appellant, denying him any relief and decreeing the cost against him.

The law is so well settled to the effect that the head of the family has the right to designate the family homestead that we do not deem it necessary to cite authorities in support of it. It is equally as well settled in this state that the husband, if living, is the head of the family. The homestead of the family is the place where the family lives. If in a city or town, it consists of the lot or lots upon which the family resides and uses for the purposes of a home and, if not in a city or town, it shall consist of not more than 200 acres of land. A family can have but one homestead, and it has many times been held that it cannot claim or hold an urban homestead and a rural homestead at the same time. If the homestead of the family is established on separate property of the husband, the wife thereby acquires her homestead right in it the same as she would have if it were her separate property or if it belonged to the community. This being true, the wife is not permitted to occupy, with the husband and rest of the family, a homestead consisting of the separate property of the husband and at the same time claim and hold as exempt another homestead, either urban or rural, although the other property may be her separate property and may have constituted her homestead before she married the husband. Wooton v. Jones (Tex.Civ.App.) 286 S.W. 680.

It is our opinion that, when the appellee Hazel Bowen married Walter Bowen in 1934, and took her children by her former marriage into the home which he owned and for a number of years had been occupying as a home for himself and his twelve year old son and there established a family, she ipso facto abandoned the 200 acres of land involved in this suit as her homestead and that it then became subject to the judgment lien of appellant,

Sam P. Wallingford. Under such circumstances, Bowen's homestead immediately became the homestead of his wife, Hazel Bowen. The two families immediately became one family and he became its head. As we view it, it is not a question of the intention on the part of Mrs. Bowen to abandon the rural property as a homestead. She actually accomplished that act when she became the wife of Walter Bowen and, with her children by the former marriage, took up her abode with him in his urban property at Perryton. If the question of intention was of any force after that, it was the intention of the husband and, by his testimony, he shows plainly that he had no fixed intention to, at any time, move back to the farm property. His only statement in that regard is that, if he should lose his town property through foreclosure, he would then be very much interested in moving to the farm. But, even if he had had such intention, he would have fallen afoul of the rule of law which has been announced many times by the courts of this state to the effect that, while occupying a piece of property as his homestead, a man cannot, by intention to use it in the future, establish a homestead in another place. Gibraltar Sav. & Bldg. Ass'n v. Harper (Tex.Civ.App.) 41 S.W.(2d) 130; O'Brien v. Woeltz, 94 Tex. 148, 154, 58 S.W. 943, 59 S.W. 535, 86 Am.St.Rep. 829.

Intention to use a premises as a home is an essential element in the process of establishing it as such; but it is at the same time equally true that intention alone cannot establish a homestead right. Pierce v. Langston et al. (Tex.Civ.App.) 193 S.W. 745; Towery et al. v. Plainview Bldg. & Loan Ass'n (Tex.Civ.App.) 99 S.W.(2d) 1039; Bayless v. Guthrie et al. (Tex.Com. App.) 235 S.W. 843.

We conclude, therefore, that the trial court was in error in entering judgment for the appellees, and that judgment should have been entered for the appellant foreclosing his judgment lien on the land involved. It necessarily follows that this case must be reversed and here rendered for the appellant, and it is so ordered.