### BARNES v. JONES et al.

### No. 8677.

Court of Civil Appeals of Texas. Austin.

June 15, 1938.

Rehearing Denied July 6, 1938.

I. J. Curtsinger and Cecil H. Barnes, both of San Angelo, for appellant.

Glenn R. Lewis, of San Angelo, for appellees.

BAUGH, Justice.

This suit was brought to establish and foreclose a paving lien on a lot in the town of Eldorado, Schleicher County, Texas. The suit was originally filed by J. L. Mays, as trustee of the bankrupt estate of Thomson & Simpson, the original owners and holders of the paving certificate and lien involved; but subsequent to the filing of same Cecil H. Barnes acquired said certificate and lien and was substituted as plaintiff. H. O. Wilson and T. J. Johnston, who owned the property involved at the time the lien was created, both subsequently died, and their heirs sold the property to John R. Jones and W. R. Jones. The heirs of Wilson and Johnston, and the said John R. and W. R. Jones were made defendants. The only defense urged was that the property involved was the homestead of Wilson and Johnston at the time the paving lien was fixed on June 23, 1930. The case was submitted to a jury on special issues, who found that Wilson and Johnston acquired said property in January, 1927, for the purpose and with the intent to occupy same as a homestead; that such intention still prevailed on June 23, 1930; that they made preparation to improve and occupy same as their homestead; and that such preparations were of such character and extent as to manifest the intention to complete such improvements and to reside thereon as a homestead. The trial court thereupon rendered judgment against the plaintiff; from which judgment this appeal is prosecuted.

The following material facts are not controverted: That the property was ac-

quired in January, 1927, by Wilson and Johnston, both heads of families, for the purpose of erecting the improvements thereon to be used as a combined residence and business homestead. From that time up to and including June 23, 1930, they occupied other property in the town of Eldorado for residence purposes and to conduct their business; that in May and the early part of June, 1930, they negotiated with a contractor with reference to erecting the proposed improvements on said lot; that a sketch or drawing of the improvements contemplated was made for them, but that upon investigation of the cost, and because of the requirements of the town of Eldorado that such improvements should be fire proof, they concluded that they were unable to make such improvements on said lot, and did nothing further towards improving said premises. The evidence strongly indicates that prior to June 23, 1930, they had entirely abandoned any intention of erecting improvements thereon. When hearing was had before the Council of Eldorado, after notice given to Wilson and Johnston, Wilson appeared before the Council and protested the laying of pavement in front of said premises; but said protest was made on the ground that the owners were unable to pay for it, and not on the ground that the property was homestead. Thereafter nothing further was done towards improving the property. Both Wilson and Johnston died in 1932, and in 1934 their heirs sold and conveyed said property to John R. and W. R. Jones, who did not assume payment of said paving debt, but subsequently erected a building thereon. From the time that Wilson and Johnston purchased said property in 1927 up to the time their heirs sold it to John R. and W. R. Jones in 1934, no improvements whatever were placed upon said premises, and such lot continued to be vacant, unimproved property.

Under these facts and circumstances, and notwithstanding the jury verdict, we think as a matter of law that the defendants failed to show any homestead rights in Wilson and Johnston in the premises when the paving lien was fixed, which would entitle them to assert constitutional and statutory homestead exemptions; and that the trial court should have instructed a verdict in favor of the plaintiff.

■ The cases involving such homestead issue are legion. Expressions are found in many cases where improvements,

capable of being used as a homestead, are already situated on the premises, to the effect that an unequivocal intention to occupy the same, coupled with acts manifesting that intention, is sufficient to create the exemption. But as to vacant, unimproved property, it is now settled that an intention to use and occupy same as a homestead, unaccompanied by some overt act, such as beginning improvements thereon, is not sufficient to give it a homestead character. And it was held in Cobb v. Collins, 51 Tex.Civ.App. 63, 111 S.W. 760, writ refused, that the purchase or preparation of plans and specifications for a house on vacant property, but failure to begin such improvements because of lack of funds, is not sufficient to create the exemption. The above cited case is almost identical, on the facts, with the case at bar. To the same effect is the case of Anderson v. Byrum, Tex.Civ.App., 73 S.W.2d 571, and Adcock v. Natl. Loan & Invest. Co., Tex.Civ.App., 96 S.W.2d 530, and numerous cases there cited. The last expression of the Supreme Court on this question, and one which clearly controls the instant case, is found in Gilmore v. Dennison, Tex.Com.App., 115 S. W.2d 902.

■ Under the rule announced in the above cases, therefore, admitting the intention of the owners of said property on June 23, 1930, to make same their homestead, it is clear that mere preparation of a sketch for a building thereon, but failure of the owners to begin construction because of lack of funds did not constitute such an overt act, coupled with such intention, as to give the property a homestead character and thus exempt it from the paving lien involved.

No personal judgment was sought against any of the defendants, but merely to establish the amount of the debt due and to foreclose the lien on the premises. Under the assessment made, the holder of the certificate, in case of default, was authorized to recover a reasonable attorney's fee as a part of his debt. Testimony was offered as to what would constitute reasonable attorney's fee, but no finding was made, however, by the court or the jury on this question.

Judgment of the trial court will, therefore, be reversed, and the cause remanded to the trial court, with instructions to establish the amount of appellant's debt, including a reasonable attorney's fee and

to foreclose the lien on the property involved as prayed for in the original petition.

Reversed and remanded with instructions.