## FIRST NAT. BANK OF RAYMONDVILLE v. SOLIS et ux.

### No. 2183.

Court of Civil Appeals of Texas. Waco.

Feb. 8, 1940.

Rehearing Denied March 7, 1940.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for appellant.

West & Hightower, of Brownsville, for appellees.

ALEXANDER, Justice.

This suit was brought by Jose Solis and wife against The First National Bank of Raymondville to recover the title and possession of and to remove cloud from 44 acres of land in Cameron county. The facts are substantially these: Solis and wife mortgaged the property to the bank in 1931 to secure the payment of a pre-existing unsecured debt. This mortgage was renewed in 1932. In 1933 they deeded the property to the bank in cancellation of said indebtedness and at the same time the bank reconveyed it to them in consideration of certain new vendor's lien notes in an amount slightly in excess of the old debt. The plaintiffs alleged that the mortgages were void because the property was their homestead at the time the mortgages were given and that the subsequent conveyance to the bank was void because plaintiffs were induced to sign same by representation that it was a mere extension of the old indebtedness. A trial before the court without a jury resulted in judgment in favor of the plaintiffs for the title and possession of the land. The bank has appealed.

█ █ We think the evidence was sufficient to sustain the trial court's finding that the property constituted Solis' homestead at the time the two deeds of trust were given. Solis and his family began to occupy the property as a homestead when he inherited the property in 1910. Solis' second wife died while the family resided on the property and Solis and the children continued to reside thereon until he married his third wife in 1929. His third wife owned her own home in Sebastian, a nearby village of approximately 200 inhabitants, where she and her children resided at the time of her marriage. Solis moved to Sebastian and lived with her. At about the same time Solis bought a lot in Sebastian and built a

combination residence and store building thereon. Some of his children moved to town and lived in the store building and helped carry on the business. Solis worked in the store a part of the time but denied owning any interest in the business. He claimed that the business belonged to his son and a third party, and that he was merely working as a clerk for the firm. Solis and some of his children resided in Sebastian from 1929 to September, 1932. On said last date Solis and his family moved onto an 8-acre tract of land adjoining the 44 acres in question and since that time have cultivated both tracts of land with their own labor. There is evidence that some of Solis' children, some of whom were minors, resided on and cultivated the farm in question during all of the years in question with the exception of the years 1931–32. During those years the farm was rented out to a tenant. Solis testified positively that he never intended to abandon the farm as a homestead but intended at all times to return to and occupy the same as a homestead. The court evidently accepted Solis' view of the testimony. If so, then the court properly held that the property was Solis' homestead, for even though Solis left the farm and occupied in Sebastian other property owned by himself or his wife, this would not constitute an abandonment of the old home on the farm so long as he never formed the intention of abandoning same. There was ample evidence from which the court could have concluded that Solis had at all times intended to return to and occupy the farm as a family homestead, and so long as this condition existed, the farm actually remained the family homestead. Coyel v. Mortgage Bond Company, Tex.Civ.App., 124 S.W.2d 204, and authorities there cited; Blanks v. First National Bank, Tex.Civ. App., 44 S.W.2d 393; 22 Tex.Jur. 81.

■ The evidence is not sufficient as a matter of law to estop the plaintiffs from claiming the property as their homestead. The deeds of trust contain no express representations to the effect that the mortgaged property was not mortgagors' homestead. The defendant introduced evidence to show that at the time each of the deeds of trust was given Solis orally represented that the property was not his homestead, and that he was then claiming the business property in Sebastian as his homestead. This business property was included in the first deed of trust but omitted from the

second one, and the bank claims this was because Solis at the time asserted that it was his homestead. Solis, however, denied all of these representations and the judgment in his favor implies a finding that he did not make the representations. His evidence alone was sufficient to raise an issue to be decided by the trier of the facts. Moreover, the trial court expressly found that the bank at all times knew that the 44-acre tract in question was Solis' homestead. If this latter finding be true, then Solis' representations to the contrary were immaterial.

■ There is evidence that in a suit by a third party to foreclose a mortgage lien on the business property in Sebastian, an attorney representing Solis had, in 1933, interposed a plea claiming that property as Solis' homestead. However, Solis, who was a Mexican, was unable to understand the English language, and there is no evidence that he knew that any such defense had been interposed in his behalf. The plea of homestead was not sustained in that case. We cannot say as a matter of law that Solis was estopped to set up his plea of homestead in the present suit.

■ Since the property was Solis' homestead at the time the mortgages were given, the purported liens thereon were void. Constitution, Art. 16, sec. 50, Vernon's Ann.St.; 22 Tex.Jur. 281.

■ During the years 1937 and 1938, Solis' tenant, over his protest, paid the rents due for the use of said farm for said years, amounting to approximately $500, to the bank, and the bank applied same as a credit on Solis' debt to it. Solis filed a cross-action to recover for said rents and has cross-assigned as error the failure of the trial court to grant such relief. There was no error on the part of the trial court in this respect. Although the crops grown on the homestead were exempt so long as they were ungathered, when they were gathered and thus severed from the land, they lost their exemption. 22 Tex.Jur. 196; Coates v. Caldwell, 71 Tex. 19, 8 S.W. 922, 10 Am. St.Rep. 725. Since these rents, or the proceeds thereof, were not exempt at the time same were appropriated by the bank, the extent of Solis' recovery therefor would be a judgment for debt, which judgment would be subject to offset by the bank's debt against Solis. The bank has already allowed Solis credit on his debt to the bank for

the rents so appropriated by it, and hence Solis has suffered no injury.

The judgment of the trial court is affirmed.