Murphy VON HUTCHINS, Appellant,

v.

W. W. POPE, d/b/a Pope Lumber Company et al., Appellees.

No. 13796.

Court of Civil Appeals of Texas.

Houston.

Nov. 2, 1961.

Rehearing Denied Nov. 30, 1961.

Peter P. Cheswick, Houston, for appellant.

Carl & Lee, Emory T. Carl, Houston, for appellees.

BELL, Chief Justice.

Appellant on January 6, 1958 filed a suit for divorce against his wife, Mattie Lee Hutchins, in the Court of Domestic Relations No. 3 of Harris County. In an amended pleading filed in said court he also joined Pope Lumber Company and Jessie Albert Sims in the suit, alleging that they were claiming some interest in Lots 182 and 183 in Block 8 of Lincoln City, Section 4, an addition to the City of Houston, which he alleged to be community property of himself and his wife. Thereafter, the suit as to Pope was severed from the divorce suit and such severed controversy was transferred to the 157th District Court of Harris County. In the divorce suit the Court of Domestic Relations granted appellant a divorce and found in its judgment that as between appellant and Mattie Lee Hutchins (Sims) the above property was community property but it was expressly provided that such finding was without prejudice to the rights of W. W. Pope, d/b/a Pope Lumber Company. The divorce was granted September 8, 1959. On February 24, 1960, appellant filed an amended original petition in the District Court in which he sued in trespass to try title, seeking to recover title to the lots. He also joined his former wife, Mattie Lee Sims, and Jessie Albert Sims, the man with whom she was living, and also joined W. W. Pope and Horace Roberson.

W. W. Pope filed his answer in which he claimed that he held title to Lot 183 as a bona fide purchaser for value without notice of any claim by appellant. He also filed a cross-action in trespass to try title.

Roberson also filed his answer, claiming title to Lot 182 as a bona fide purchaser for value without notice of any claim of appellant. He also filed a cross-action in trespass to try title.

The trial court, after trial to a jury, rendered judgment against appellant and favorably to Pope and Roberson.

From the evidence it appears that appellant and Mattie Lee Hutchins were husband and wife from 1944 until the date of the divorce judgment, September 8, 1959. They lived together as husband and wife until about July, 1957, when Mattie Lee left appellant and started living with Jessie Albert Sims, with whom she apparently continued to live on all dates material to this case. While appellant and Mattie Lee lived together they resided in a home on Amboy Street. The subject property is located on Lucky Street.

By separate deeds dated April 30, 1955, Booker Bryant, the uncle of Mattie Lee, conveyed the lots to appellant and Mattie Lee. These deeds were not filed for record until December 27, 1957. On November 6, 1957, Booker Bryant and wife, Malinda Mae Bryant, conveyed both lots to Jessie Albert Sims and wife, Mattie Lee Sims. They were under the impression that appellant and Mattie Lee had been divorced and that she was married to Sims. She represented that she was married to Sims. The deed was filed for record November 8, 1957.

On November 6, 1957, Sims and Mattie Lee, representing themselves to be husband and wife, executed a mechanic's lien contract calling for the construction of a 4-room house on Lot 183 at a cost of $10,350. This was filed for record November 12, 1957. On November 6, 1957, this contract was assigned to W. W. Pope, d/b/a Pope Lumber Company. On the same day Sims and Mattie Lee executed a deed of trust to W. Noble Carl, Trustee, to secure a note for $10,100.00, which was given by Sims and Mattie Lee in payment for the improvements to be made. They had paid Reuben W. Polk, the contractor, $250.00 cash. This was filed for record June 16, 1958.

Testimony given at the trial shows that W. W. Pope furnished the lumber and material and paid for the labor in building the house and it was completed for occupancy about Christmas, 1957.

The note was not paid, and a substitute trustee sold Lot 183 at a trustee's sale on June 9, 1958, W. W. Pope becoming the purchaser.

On November 13, 1957, Sims and Mattie Lee executed a mechanic's lien contract to Reuben Polk calling for very extensive repairs to be made on a shack located on Lot 182 at a cost of $7,050.00. On November 18, 1957, this was assigned to W. W. Pope, d/b/a Pope Lumber Company. The contract and assignment were filed for record November 18, 1957. On November 13, Sims and Mattie Lee executed a deed of trust to W. Noble Carl, Trustee, to secure a $6,700.00 note given Polk by Sims and Mattie Lee. On December 31, 1957, Pope reassigned the mechanic's lien contract to Polk, together with the $6,700.00 note.

It appears from testimony given at the trial that Pope had furnished materials to Polk for the repairs. The repairs were made and the house was ready for occupancy about Christmas, 1957. It further appears that Horace Roberson agreed to advance Polk $1,500.00 and on December 31, 1957, Polk assigned the note and contract to Roberson. This advance was to help pay for money owing for labor and materials that had gone into the repairs for the house. Roberson actually paid Polk $500.00 on December 31, 1957 and $1,000.00 on January 2, 1958.

Thereafter, Sims and Mattie Lee not having paid the note, a substitute trustee sold Lot 182 and Horace Roberson became the purchaser. The sale took place June 9, 1958. Roberson recognizes that Pope had an interest of $2,500.00, representing the cost of materials he furnished which have never been paid for.

It is the position of appellant that the property having been conveyed to him and Mattie Lee jointly by Booker Bryant in 1955, it was community property and Mattie Lee had no right to convey it. Too, he claims that at all times material it was his homestead.

The position of appellee Pope is that the property was the separate property of Mattie Lee or, even if it be community of her and appellant, it makes no difference in this case. The basis of this is that the deed into appellant and Mattie Lee was not recorded until December 27, 1957 and that he had no notice of any claim by appellant until after his rights had become fixed under the mechanic's lien contract and deed of trust of November 6, 1957, and the building of the house had been completed.

Appellee Roberson makes the same claim as to Lot 182, except that since he made the advances after the deed to appellant was

recorded, he relies on his purchase at the trustee's sale which was under a valid deed of trust in Polk and Pope who furnished labor and material for the extensive repairs on the shack on the lot, such being furnished prior to any notice of appellant's claim. The repairs were finished about Christmas, 1957.

The jury found that Polk had no notice of the unrecorded deed prior to the contract of November 6, 1957; that Pope had no notice prior to the assignment to him; that Polk built the foundation without notice of such deed and that Pope erected the house on Lot 183 without notice of the deed. It also found in substance that Polk and Pope had no notice of appellant's deed until after the work had been completed on the building on Lot 182. It also found that the property was a gift from the mother of Mattie Lee to her, the deed being from Bryant only because he held legal title for Mattie Lee's mother. Too, they found that at all time material, Mattie Lee represented herself to be the wife of Jessie Albert Sims. Further the jury answered issues which established payment of value by Polk, Pope and Roberson. Also it found Roberson had no notice of the deed when he acquired the note and deed of trust.

The court held as a matter of law that the property was not the homestead of appellant.

■ The evidence establishes that Lurie Thomas was the mother of Mattie Lee. She bought the two lots but asked her brother, Booker Bryant, to take title in his name. She also instructed him to convey the lots upon her death to her daughter, Mattie Lee. After the death of Lurie, Mattie Lee Hutchins requested a conveyance and the deeds executed in 1955 to Mattie Lee and her husband were given by Bryant. They are the deeds that were not recorded until December 27, 1957. Appellant testified he paid $10.00 each for the lots. One was shown to be worth $800.00 and one $750.00. The jury found, on sufficient evidence, that the lots were a gift to Mattie

Lee. This made the lots the separate property of Mattie Lee. The evidence shows that in November, 1957, when the rights of appellees were acquired through the execution of the mechanic's lien contract, the note and the deed of trust, and the building of the house and making of repairs in December, Mattie Lee was permanently separated from appellant. They separated in July and never lived together thereafter until they were divorced.

■ They being permanently separated, Mattie Lee could create a lien on and convey the property without the joinder of her husband. Webb v. Webb, 148 Tex. 405, 224 S.W.2d 868.

■ Appellant urges, however, that the deed into appellant and Mattie Lee as husband and wife establishes the property as community and testimony may not be introduced to show otherwise. The deed into husband and wife prima facie establishes the property as community. In the situation here presented evidence may be introduced to show facts which make it in law the separate property of the wife. Foster et al. v. Christensen, Tex.Com.App., 67 S.W. 2d 246; Sparks et al. v. Humble Oil & Refining Company, Tex.Civ.App., 129 S.W.2d 468, writ ref.

■ Appellant next contends the property was his homestead. We will not recite all the evidence. It suffices to say that neither he nor his wife ever lived on the property. They at all times lived on Amboy and he owned an undivided interest in such property. He and Mattie Lee only visited Mattie Lee's mother and their children while Mattie Lee's mother was caring for the children. Then their visit was only for a night or two at a time. Appellant testified he and Mattie Lee never lived there. No one lived there after Mattie Lee's mother's death prior to 1955. Appellant does testify that in 1956 he was making some repairs on the shack so he and Mattie Lee could move there. He made no repairs, under his testimony, after 1956.

The effect of the testimony of appellant himself is to establish his homestead on Amboy Street. At most his testimony indicates an intention to make the Lucky Street property his homestead at some indefinite time in the future. He is never shown to have abandoned his home on Amboy. See Archibald v. Jacobs, 69 Tex. 248, 6 S.W. 177; O'Brien v. Woeltz, 94 Tex. 148, 58 S.W. 943; Carstens v. Landrum, Tex.Com.App., 17 S.W.2d 803.

 W. W. Pope was a bona fide purchaser for value of Lot 183. The jury found facts establishing that Polk had no notice of the unrecorded deed when he obtained the note, mechanic's lien contract and deed of trust from Mattie Lee and Jessie Albert Sims. Too, Pope had no notice when he took the assignment and neither he nor Polk had notice until after the 4-room house was completed. His rights were thus fixed. He was a good faith mortgagee for value. 29 Tex.Jur., § 48, p. 853; Lyday v. Federal Land Bank of Houston, Tex.Civ. App., 103 S.W.2d 441, writ dism.; Art. 6627, Vernon's Ann.Texas St. While Pope purchased at the trustee's sale, which was after the deed of appellant was recorded, and he had notice of the claim, his rights were fixed prior to any actual or constructive notice. Barrett v. Eastham Bros., Tex. Civ.App., 86 S.W. 1057, no writ hist.

Roberson was charged with notice when he took the assignment from Polk. However, he succeeded to the rights of Polk and Pope who were bona fide mortgagees for value without notice. Lewis v. Johnson, 68 Tex. 448, 4 S.W. 644; Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452.

Appellant complains that the trial court excluded the judgment in the divorce suit except for the purpose of showing the date of the divorce. The appellees were not parties to the suit after the asserted cause of action against them was severed. The judgment was not admissible against them to show the property was community property. The judgment finding it to be com-munity property as between appellant and Mattie Lee expressly stated such was without prejudice to the rights of appellee Pope. Roberson was never a party to that suit. The recitals and findings were purely hearsay as to appellees. Kincheloe v. Kincheloe, Tex.Civ.App., 152 S.W.2d 851, writ ref.; Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786.

The other Points asserted by appellant have been considered and are overruled.

The judgment of the trial court is affirmed.