Maggie K. FARRINGTON, Appellant,

v.

FIRST NATIONAL BANK OF BELLVILLE, Appellee.

No. 01–87–00919–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 23, 1988.

Rehearing Denied July 14, 1988.

John V. Elick, Elick & Elick, Bellville, for appellant.

Donald W. Mills, De Lange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment entered in a declaratory judgment action.

On September 14, 1984, appellant executed and delivered a deed of trust conveying two tracts of land, one a 17.757 acre rural tract [hereinafter "17 acre tract"], as security for a promissory note payable to appellee in the amount of $121,000. On November 27, 1985, appellant filed pleadings in the United States Bankruptcy Court, Southern District of Texas, Houston Division, alleging that the 17 acre tract was her homestead. On May 6, 1986, the trustee foreclosed on the property, and the property was conveyed to appellee.[1]

On August 12, 1986, appellee brought a declaratory judgment action to determine whether the 17 acre tract was free and clear of appellant's homestead claim and to remove any clouds upon its title created by such homestead claim. On April 30, 1987, appellee filed a motion for summary judgment alleging that at the time the deed of trust was executed, appellant had established an urban residential homestead at 734 East O'Bryant, Bellville, Texas. The trial court entered summary judgment for appellee, determining that appellee's title to the property was free and clear of any homestead claims or rights of appellant, and that appellee's lien against the property was valid and enforceable.

In point of error one, appellant asserts that the trial court erred in entering summary judgment for appellee because the 17 acre tract was her rural homestead. Specifically, she argues that: (1) appellee failed to show that the property was not her rural homestead; (2) appellee had actual notice of her intent plus overt acts to occupy the property; and (3) appellee failed to establish that her house in town was her urban homestead. As part of this point of error, appellant also multifariously argues that the trial court erred in entering summary judgment because appellee sought to adjudicate title and should have brought a trespass to try title suit rather than seek a declaratory judgment.

A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); Tex.R.Civ.P. 166–A. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against him. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam). Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant, who must then present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear*

---

1. Appellee asserts in its brief that pursuant to a motion for relief from stay, the bankruptcy court issued a final order lifting the automatic stay and allowing appellee to foreclose its lien, and further ordered that the issue of appellant's homestead exemption be determined in a Texas district court.

*Creek Basis Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

As summary judgment proof that appellant had established an urban residential homestead, appellee attached appellant's deposition, wherein appellant testified that she acquired the 17 acre tract when she was divorced in 1982. She then repaired the fences, put up a 16–foot metallic storage building, pastured a mare and colt, planted and mowed hay crops, and picked out a home site, placing rocks at the corners. There was no ingress or egress to the storage building or utilities on the property, but she spent about 20 nights there in her car, cooked on a campfire, used the "draw" for a bathroom, and invited friends to see the property and drink a beer. Appellant said that she had picked out a house plan and talked to a builder. She also said that before and after acquiring the house in town, she told her pastor, banker, friends, and relatives, as well as the builder and an electrician, that she wanted to build on the property. She testified that when she bought the property in 1980, she told someone in the tax assessor's office that the property was to be her homestead, but she never put this in writing.

In February or March 1983, appellant bought a brick, two-bedroom house at 734 East O'Bryant in Bellville, Texas, and she lived in this house at the time the deed of trust was executed and until she moved to Colorado in 1985. The house has full utilities—electricity, gas, water, central air and heat, telephone—and is equipped with such amenities as a dishwasher and garbage disposal. Appellant improved the property by having the yard landscaped and a small building built to the rear of the house where her son lived. In September 1984, appellant's address was listed in the telephone directory and in church and other organizational records as 734 East O'Bryant. Appellee also attached a certified copy of a residential homestead exemption application signed by appellant on August 19, 1985, claiming the East O'Bryant property as her homestead as of January 1, 1985.

In response to appellee's motion for summary judgment, appellant filed an affidavit stating that she was awarded the 17 acre tract when she was divorced in October 1983, and that since that time she has claimed this property as her homestead. She said that she "told the bank prior to September 14, 1974, that I had a present intention to build a home and occupy the 17.575 acres as my homestead," and that she "never intended to occupy as a homestead, the house and lot in town at 734 East O'Bryant, Bellville, Texas." She stated that prior to executing the deed of trust that: she ran livestock, cut hay, and placed a storage building on the land; she bought the house in town for investment property and to live in until she could afford to build on the rural property, and built an apartment in back of the house for rental purposes; the tract was used as collateral for the loan at the bank's insistence because it was the only property, of the three parcels she owned, that was debt free; and appellee did not inform her that a lien was prohibited on homestead property. In so testifying, appellant alleges that she has raised a fact issue about whether she had the intent plus the requisite overt acts to establish a homestead claim on the 17 acre tract. If so, then appellee must show that she abandoned this property as her homestead in order to validate its lien.

Generally, a "homestead" is the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances connected therewith. *Gann v. Montgomery*, 210 S.W.2d 255 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.) However, a homestead exemption may be established upon unoccupied land if the owner presently intends to occupy and use the premises in a reasonable and definite time in the future, and has made such preparations toward actual occupancy and use that "are of such character and have proceeded to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the place as a home." *Lilly v. Lewis*, 249 S.W. 1095, 1096 (Tex. Civ.App.—San Antonio 1923, no writ); *Simank v. Alford*, 441 S.W.2d 234 (Tex.Civ.

App.—Austin 1969, writ ref'd n.r.e.). A homestead claimant cannot claim both an urban and rural homestead. *Wallingford v. Bowen,* 104 S.W.2d 188 (Tex.Civ.App.—Amarillo 1937, no writ).

■ We conclude that appellee did not conclusively show that the house in Bellville was appellant's urban homestead at the time the deed of trust was executed. Appellant's filing an application for a residential homestead exemption with the tax assessor in August 19, 1985, does not prove, as a matter of law, that this property was her homestead when the deed of trust was executed on September 14, 1984. Also, occupancy of property does not, ipso facto, make the property a homestead. *Roberson v. Home Owners' Loan Corp.,* 147 S.W.2d 949, 952 (Tex.Civ.App.—Dallas 1941, writ dism'd judgmt cor.) Good faith intention to occupy is the prime factor in securing the benefits of the homestead exemption, and preparatory acts collaborate this intention. *Cameron v. Gebhard,* 85 Tex. 610, 22 S.W. 1033 (1893). In her affidavit, appellant stated that she has "continuously intended and does now intend to use, improve, occupy, and claim" the 17 acre tract as her homestead, and that she told the bank of her present intention to build a home and occupy the property as her homestead.

■ We conclude that there exists a fact question regarding appellant's homestead claim, and therefore, it was error for the trial court to grant summary judgment for appellee. Further, we conclude that there is a fact question about whether appellant abandoned her homestead in the 17 acre tract when she bought and lived in the house in Bellville. Once a homestead is acquired, it must affirmatively appear that the owner intended to never return or use the property as a family residence. *Long Bell Lumber Co. v. Miller,* 240 S.W.2d 405 (Tex.Civ.App.—Amarillo 1951, no writ). The mere fact of acquiring and moving on another piece of property does not conclusively establish abandonment. *Silvers v. Welch,* 127 Tex. 58, 91 S.W.2d 686 (Tex. Com.App.1936, opinion adopted); *First*

*Nat'l Bank v. Solis,* 137 S.W.2d 142 (Tex. Civ.App.—Waco 1940, writ ref'd)

We sustain that portion of point of error one that relates to appellant's homestead claim.

Because we conclude that there are fact issues precluding summary judgment, we will not address appellant's contentions in points of error one and two that appellee's suit is for adjudication of title and should have been brought as a trespass to try title action in order to obtain the requested relief, and that the trial court erred in failing to grant a hearing on her special exceptions complaining of this defect in appellee's pleadings.

The judgment is reversed and remanded.

SAM BASS, J., dissenting.

SAM BASS, Justice, dissenting.

I respectfully dissent.

I disagree with the majority's holding that there was a fact question about whether appellant performed sufficient overt acts to designate the 17 rural acre tract as her homestead. At best, the evidence shows that appellant had an intent to occupy the rural property at an indefinite time in the future, which, without more, is insufficient to raise a fact issue on the question of homestead. *Davis v. McClurkan,* 378 S.W.2d 358 (Tex.Civ.App.—Eastland 1964, no writ) (no occupation or improvements, but mere intention to occupy at some future time is not sufficient to establish homestead); *see also Van Hutchins v. Pope,* 351 S.W.2d 642 (Tex.Civ.App.—Houston 1961, writ re'fd n.r.e.) Unlike the city property, appellant never lived on the 17 acre tract nor added substantial improvements that "manifest *beyond doubt*" the intention to make the property her residential homestead *Lilly v. Lewis,* 249 S.W. 1095, 1096 (Tex.Civ.App.—San Antonio 1923, no writ) (emphasis added). Overt acts must affirmatively show that the land is being prepared for occupancy or substantial improvements are being made to the property. *See e.g. Bell et al v. Greathouse,* 20 Tex.Civ.App. 478, 49 S.W. 258 (1899, no writ) (partition fencing, planting

shade trees, and building sidewalks in front); *Houston Lumber Supply Co. v. Wockenfuss*, 386 S.W.2d 330 (Tex.Civ.App. —Houston 1965, writ ref'd n.r.e.) (house plans plus staking out and clearing of lot); *Lilly v. Lewis*, 249 S.W. at 1095 (cultivating the land plus building substantial improvements). All of the overt acts alleged by appellant were too trivial or indefinite to show that the land was being prepared and improved for future occupancy. *See e.g. Barnes v. Jones*, 118 S.W.2d 647 (Tex.Civ. App.—Austin 1938, no writ) (plans for building on property in future insufficient to establish homestead); *Farmers' Nat'l Bank v. Coffman*, 79 S.W.2d 905 (Tex.Civ. App.—Eastland 1935, no writ) (building a fence plus planting crops insufficient to establish homestead).

Accordingly, I would hold that appellee's summary judgment proof shows, as a matter of law, that appellant had established an urban homestead on the city property at the time the deed of trust was executed, and therefore appellant was precluded from asserting a homestead claim on the 17 acre tract. Appellant's prior use of the rural property was insufficient to impress it with homestead character when considered with evidence that appellant later purchased the city property, made her family residence there, made substantial improvements on the property, and filed an application designating it as her homestead. To hold otherwise, would preclude summary judgment relief where a claimant merely alleges an intention to create a homestead on unoccupied property at an indefinite time in the future, unaccompanied by sufficient overt acts to justify a homestead designation.